# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*Baker v. 3M Company*<br>Case No. 7:20-cv-00039 | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

# PLAINTIFF'S PROPOSED VERDICT FORM

**WE, THE JURY FIND:**

**INTERROGATORY NO. 1 (Failure to Warn)**

Did Defendants supply a product that was not reasonably safe because adequate warnings or instructions were not provided with the product, and was that unsafe condition of the product a proximate cause of Mr. Baker's injuries?

  YES  _____

  NO   _____

**INTERROGATORY NO. 2 (Post-Sale Failure to Warn)**

Were Defendants negligent in that the product was not reasonably safe because adequate warnings or instructions were not provided after the product was manufactured, and was Defendants' negligence a proximate cause of Mr. Baker's injuries?

  YES  _____

  NO   _____

**INTERROGATORY NO. 3 (Design Defect)**

Did Defendants supply a product that was not reasonably safe as designed, and was that unsafe condition of the product a proximate cause of Mr. Baker's injuries?

  YES  _____

  NO   _____

**INTERROGATORY NO. 4 (Fraudulent Misrepresentation)**

Did Defendants make a fraudulent misrepresentation about the CAEv2, and was that fraudulent misrepresentation a proximate cause of Mr. Baker's injuries?

  YES  _____

  NO   _____

1

**INTERROGATORY NO. 5 (Fraudulent Concealment)**

Did Defendants commit fraudulent concealment, and was that fraudulent concealment a proximate cause of Mr. Baker's injuries?

 YES  _____

 NO  _____

*If you answered "Yes" to one or more of Interrogatories Nos. 1-5, then proceed to Interrogatory No. 6. If you answered "No" to all of Interrogatories Nos. 1-5, do not answer the remaining questions. Please date and sign the verdict form.*

**INTERROGATORY NO. 6 (Damages)**

What amount of money will reasonably and fairly compensate Mr. Baker? Do not deduct for Mr. Baker's percentage of fault, if any, under Interrogatory No. 7 below. The Court will perform those calculations, if necessary.

| | |
|---|---|
| Future medical expenses | $ _____ |
| Future loss of earning capacity | $ _____ |
| Past pain and suffering (mental and physical) | $ _____ |
| Future pain and suffering (mental and physical) | $ _____ |
| Disability | $ _____ |

## INTERROGATORY NO. 7 (Apportionment of Fault)[1]

A.  Do you find that the United States Army was negligent, and that such negligence was a proximate cause of Mr. Baker's injuries?

  YES  _____

  NO   _____

B.  Do you find that Mr. Baker was negligent, and that his negligence was a proximate cause of his injuries?

  YES  _____

  NO   _____

C.  "Total combined fault" includes all of the forms of fault, based on your answers to the previous questions, that you found proximately caused Mr. Baker's injuries. Assume that 100% represents the total combined fault that proximately caused Mr. Baker's injuries. What percent, if any, of this 100% is attributable to each of the following parties? Your total must equal 100%.

| | | |
|---|---|---|
| Defendants | _____% | |
| Plaintiff | _____% | (*Fill out only if you answered "Yes" to Interrogatory No. 7.B above.*) |
| United States Army | _____% | (*Fill out only if you answered "Yes" to Interrogatory No. 7.A above.*) |
| TOTAL | 100 % | |

---

[1] As noted in footnote 2 to Plaintiff's Proposed Jury Instructions, Plaintiff's motion for summary judgment on Defendants' apportionment defense is currently pending. Plaintiff further reserves the right to contest the propriety of contributory-negligence and apportionment instructions. Plaintiff also contests the propriety of an assumption-of-the-risk defense. To the extent an interrogatory is warranted, Plaintiff proposes this one.

**INTERROGATORY NO. 8 (Statute of Limitations)**[2]

A.  Did Mr. Baker know, or in the exercise of due diligence should have discovered, the causal relationship between (1) Defendants' misconduct and (2) his injuries before June 20, 2016?

    YES  _____

    NO   _____

B.  If you answered "Yes" to Interrogatory No. 8.A, did Defendants engage in some affirmative conduct or remain silent and fail to disclose material information that prevented or delayed Mr. Baker from filing this action until after June 20, 2016?

    YES  _____

    NO   _____

C.  Did Mr. Baker discover the facts constituting Defendants' fraud before June 20, 2016?

    YES  _____

    NO   _____

---

[2] As noted in footnote 3 to Plaintiff's Proposed Jury Instructions, if Defendants assert a statute-of-limitations defense, Plaintiff proposes this interrogatory.

**INTERROGATORY NO. 9 (Intermediary Defense)[3]**

A.   Do you find that Defendants sold the CAEv2 to the United States Army; that the Defendants warned the Army about all of the particular risks and limitations of the CAEv2; and that the Defendants conveyed adequate instructions for the proper use of the CAEv2 to the Army?

    YES  _____

    NO   _____

B.   Do you find that Defendants sold the CAEv2 to the Army; that the Army had actual knowledge of all of the particular risks and limitations of the CAEv2; and that the Army had adequate instructions for the proper use of the CAEv2?

    YES  _____

    NO   _____

C.   If you answered "Yes" to the questions under Interrogatory No. 9.A and/or Interrogatory No. 9.B, do you find that Defendants discharged their duty to warn Mr. Baker by relying on the Army to warn Mr. Baker?

    YES  _____

    NO   _____

---

[3] For the reasons stated in footnote 4 to Plaintiff's Proposed Jury Instructions, Plaintiff objects to including any intermediary defense on the Verdict Form. To the extent an interrogatory is warranted, Plaintiff proposes this one.

5

## INTERROGATORY NO. 10 (Superseding Cause)[4]

Do you find that the actions of the United States Army were the sole proximate cause of Mr. Baker's injuries and were unforeseeable to Defendants?

YES  _____

NO   _____

_____                                    _____
DATE                                                                           FOREPERSON

*Please hand your completed and signed verdict form to the bailiff and return to the courtroom.*

---

[4] As noted in footnote 5 to Plaintiff's Proposed Jury Instructions, Plaintiff's motion for summary judgment on Defendants' superseding-cause defense is currently pending. For the reasons stated in footnote 5, Plaintiff further objects to including superseding cause on the Verdict Form. To the extent an interrogatory is warranted, Plaintiff proposes this one.