# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*Baker v. 3M Company*<br>Case No. 7:20-cv-00039 | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## PLAINTIFF'S TRIAL BRIEF ON 3M'S INTERMEDIARY DEFENSES

## INTRODUCTION

No court applying Washington law has ever recognized 3M's intermediary defenses in a suit involving an off-the-shelf product. This Court should not be the first. Washington's learned-intermediary defense is limited to the pharmaceutical context. Washington has never adopted the sophisticated-intermediary defense, nor applied the sophisticated-purchaser defense outside of toxic-tort suits. There is no basis to mint new defenses or refashion old ones in this case involving an ordinary consumer good.

## ARGUMENT

I. **Washington limits the learned-intermediary defense to prescription-drug and medical-device cases.**

Washington recognizes a learned-intermediary defense *only* in failure-to-warn suits against manufacturers of pharmaceutical drugs and medical devices. *See LaMontagne v. Bristol-Myers Squibb*, 111 P.3d 857, 862 (Wash. App. 2005). The Washington Supreme Court has "expressly declined to adopt the learned intermediary doctrine in other contexts, *particularly where workers are injured using products purchased by their employer*." *Rublee v. Carrier Corp.*, 428 P.3d 1207, 1216-17 (Wash. 2018) (emphasis added). Indeed, the high court declined to extend the defense in a product-liability case against a pesticide manufacturer— where a commercial grower purchased the dangerous pesticides that injured its workers—because the commercial grower was not an analogous intermediary to a

1

physician. *Ruiz-Guzman v. Amvac Chem. Corp.*, 7 P.3d 795, 803 (Wash. 2000).

Washington would not expand this narrow defense to a suit involving an off-the-shelf product. Even in the pharmaceutical context, the defense is limited: it does not apply to excuse the manufacturer's duty to warn other entities, including a hospital, "to ensure the safety of persons its product will be used on." *Taylor v. Intuitive Surgical*, 389 P.3d 517, 526 (Wash. 2017). "The doctrine arises from the recognition that once a physician is aware of the risks associated with a new or dangerous medical treatment, the physician stands in the best position to provide an 'independent judgment, taking into account [the physician's] knowledge as well as the product.'" *Kaspers v. Howmedica*, 2015 WL 12085853, at *7 (W.D. Wash. Oct. 23, 2015) (quoting *Terhune v. A.H. Robins*, 577 P.2d 975, 978 (Wash. 1978)). "It has also been suggested that the rule is made necessary by the fact that it is ordinarily difficult for the manufacturer to communicate directly with the consumer." *Terhune*, 577 P.2d at 978; *see Rublee*, 428 P.3d at 1217 ("[D]rawing a line between an 'ordinary user' and 'industrial purchasers' . . . inches toward expanding the learned-intermediary doctrine without a public policy necessity."). No justification exists for expanding the learned-intermediary defense where, as here, end users like Baker could choose which earplugs to use and 3M could have communicated with him—and in fact did so. *See* Dkt. 66 at 23, 26-27 & n.8; *see also, e.g.*, 40 C.F.R. § 211.204-4 ("The following minimum supporting information must accompany the device in

2

a manner that insures its availability to the prospective user.").

### II. Washington does not recognize the sophisticated-intermediary defense under Restatement (Second) of Torts § 388, comment n.

Washington has not adopted the sophisticated-intermediary defense. Defendants conceded this fact when they omitted Washington from their list of states that recognize the defense. *Estes*, Dkt. 100 at 7. Although Washington has adopted Section 388 of the Restatement (Second) of Torts, *Fleming v. Stoddard Wendle Motor*, 423 P.2d 926, 928 (Wash. 1967), Washington has not adopted comment n.

*Lunt v. Mount Spokane Skiing Corp.*, 814 P.2d 1189 (Wash. App. 1991), is not to the contrary. There, the Washington Court of Appeals concluded that a manufacturer of rental ski bindings had adequately warned a ski rental company who had rented skis to the plaintiff. *Lunt* cited a California case applying comment n, *id*. at 361, but then concluded that a warning to the end user would not have avoided the harm, *id*. at 362. *Lunt* also mentioned the learned-intermediary doctrine, but only because the manufacturer made the ski bindings for rental use and thus had "limited opportunities to communicate directly with the consumer." *Id*. Here, in contrast, 3M could readily communicate with soldiers and civilians about its earplug. Regardless, no court has cited *Lunt* for the proposition that it adopted comment n.

The Washington Supreme Court has never adopted comment n, and there is no reason to think it would. *See, e.g.*, *Molinos v. Lama*, 633 F.3d 1330, 1348 (11th Cir. 2011) (federal court sitting in diversity may "disregard" the decisions of state

3

intermediate courts "if persuasive evidence demonstrates that the highest court would conclude otherwise"). Washington has "long recognized that consumer protection is the touchstone of Washington's product liability law," so it is unlikely Washington would limit a manufacturer's duty to warn through the sophisticated-intermediary defense. *Rublee*, 428 P.3d at 1216. That it has not done so in the many years since comment n was published is a compelling reason to think it would not.[1]

### III. If Washington recognizes the sophisticated-purchaser defense, it does not apply to the manufacture of consumer goods.

Washington does not recognize a bulk-supplier or sophisticated-purchaser defense for manufacturers of over-the-counter consumer goods. The Washington Supreme Court rejected the "'sophisticated purchaser' approach' . . . as inconsistent with Washington law." *Rublee*, 428 P.3d at 1216. "The only scenario in which [courts] differentiate between types of users or consumers is in the pharmaceutical or medical device context, where the 'learned intermediary' doctrine applies." *Id.*

At most, Washington may recognize "a variant of the sophisticated purchaser doctrine in toxic tort claims, where a manufacturer or supplier of the products alleged to have caused the plaintiff's injuries warns the plaintiff's intermediary or employer of the products' dangerous propensities." *Jack v. Borg-Warner Morse Tec*, 2018 WL 4409800, at *27 (W.D. Wash. Sept. 17, 2018). Whether Washington recognizes the

---

[1] What's more, the Legislature did not include such a defense in the Washington Products Liability Act (WPLA). *See* R.C.W.A. § 7.72.010 *et seq.*

sophisticated-purchaser defense in this narrow set of circumstances remains unsettled; regardless, that application is limited to toxic torts. *See id.*

Cases that seemingly apply a sophisticated-purchaser variant do not extend the defense to over-the-counter goods like the CAEv2. For example, *Zamora v. Mobil Corp.* held that a propane reseller—who never possessed or controlled the gas or had notice of its dangerous defect—had no duty to warn the ultimate consumer when the retailer that purchased and sold the odorless gas to the consumer was an established distributor aware of the risks. 704 P.2d at 587-88. And in *Reed v. Pennwalt Corp.*, the court held a caustic soda manufacturer was not required to warn the plant's employees when it warned the plant of the product's hazards. 591 P.2d 478, 481-82 (Wash. App. 1979). The court emphasized the manufacturer had no effective means of communicating a warning to the ultimate user because the product was a liquid and not delivered to the employee in an "original can, box, or form." *Id.* Moreover, the manufacturer had no "specific knowledge" concerning how the employees would handle the caustic soda. *Id.* at 479. Those factors do not apply to over-the-counter goods like the CAEv2, for which 3M knew the intended use and could have easily warned consumers.

## CONCLUSION

For these reasons, 3M seeks to apply intermediary defenses not recognized by Washington law.

Date:  April 16, 2021

*/s/ Sean Patrick Tracey*
Sean P. Tracey (Admitted Pro Hac Vice)
Texas Bar No. 20176500
Shawn P. Fox (Admitted Pro Hac Vice
Texas Bar No. 24040926
TRACEY FOX KING & WALTERS
440 Louisiana St., Suite 1901
Houston, TX 77002
713-495-2333 Tel.
866-709-2333 Facsimile
stracey@traceylawfirm.com
sfox@traceylawfirm.com

6

## CERTIFICATE OF COMPLIANCE

I hereby certify that this memorandum conforms to the formatting requirements of the Local Rules and complies with the Court's directive that Baker file a trial brief not to exceed 5 pages.

*s/ Sean Patrick Tracey*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2021, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

*s/ Sean Patrick Tracey*