# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS | ) | Case No. 3:19-md-2885-MCR-GRJ |
| EARPLUG PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | Judge M. Casey Rodgers |
| | ) | Magistrate Judge Gary R. Jones |
| This Document Relates: | ) | |
| | ) | |
| *Lloyd Baker* | ) | |
| Case No. 7:20-cv-0039 | ) | |
| | ) | |

## DEFENDANTS' PROPOSED VERDICT FORM

## VERDICT FORM

**I.    Tort Claims**

    **I.A.   Design Defect**

1.    Do you find, by a preponderance of the evidence, that Defendants supplied a product that was not reasonably safe as designed at the time the product left Defendants' control?

        YES _____        NO _____

    **If you answered NO to question 1, you should skip to Section I.B. If you answered YES to question 1, please proceed to question 2.**

2.    Was the unsafe condition of the product a proximate cause of injury or damage to the Plaintiff?

        YES _____        NO _____

    **If you answered NO to question 2, your verdict on the issue of design defect is for Defendants.  If you answered YES to question 2, your verdict on the issue of design defect is for Plaintiff.  Please proceed to Section I.B.**

### I.B.   Failure to Warn

1.   Do you find, by a preponderance of the evidence, that Defendants supplied a product that was not reasonably safe because adequate warnings or instructions were not provided with the product?

**YES** _____         **NO** _____

**If you answered NO to question 1, your verdict on the issue of failure to warn is for Defendants, and you should skip to Section II.  If you answered YES, please proceed to question 2.**

2.   Do you find, by a preponderance of the evidence, that Defendants negligently failed to provide adequate warnings regarding the CAEv2, and that negligence was a cause which directly produced Plaintiff's alleged injuries and without which such injury would not have happened?

**YES** _____         **NO** _____

**If you answered NO to both questions 1 and 2, your verdict on the issue of failure to warn is for Defendants, and you should skip to Section II.  If you answered YES to question 1 but not question 2, please proceed to question 3. If you answered YES to both questions 1 and 2, please proceed to question 3.**

3.   Was the unsafe condition of the product a proximate cause of injury or damage to the Plaintiff?

**YES** _____         **NO** _____

**If you answered NO to question 3, your verdict on the issue of failure to warn is for Defendants, and you should skip to Section II.  If you answered YES to question 3, please proceed to question 4.**

4.   Do you find, by a preponderance of the evidence:

(i)   That Defendants conveyed to the military, or knew the military was aware of, the information in the warning that you found to be lacking in your answers to questions 1 or 2; ***and***

(i)   Defendants reasonably relied on the military to provide that warning to soldiers such as Plaintiff?

**YES** _____        **NO** _____

      **If you answered YES to question 4, your verdict on the issue of failure to warn is for Defendants.  If you answered NO to question 4, your verdict on the issue of failure to warn is for Plaintiff.  Please proceed to Section II.**

## II. Fraudulent Misrepresentation and Concealment Claims

1.     Do you find, by a clear, cogent, and convincing evidence:

   (i)     That Defendants made a false representation regarding the CAEv2 to Plaintiff;

   (ii)    That Defendants knew the representation was false;

   (iii)   That Defendants intended Plaintiff to rely on the misrepresentation;

   (iv)   That Plaintiff relied on the misrepresentation; and

   (v)    That Plaintiff's reliance on the misrepresentation was a proximate cause of injury or damage to the Plaintiff?

   **YES** _____          **NO** _____

   **Please proceed to question 2.**

2.     Do you find, by a clear, cogent, and convincing evidence:

   (i)     That Plaintiff and Defendants were in a fiduciary relationship;

   (ii)    That Defendants intentionally failed to disclose a material fact to Plaintiff;

   (iii)   That Plaintiff exercised due diligence in trying to uncover the facts;

   (iv)   That Defendants engaged in affirmative conduct that would lead a reasonable person to believe that no claim of fraudulent concealment existed;

   (v)    That had the concealed information been disclosed, Plaintiff would have behaved differently; and

   (vi)   That Defendants' concealment was a proximate cause of injury or damage to the plaintiff?

   **YES** _____          **NO** _____

   **If you answered NO to both questions 1 and 2, then your verdict on the misrepresentation and concealment claims are for Defendants.  If you answered YES to either questions 1 or 2, your verdict on one of the**

misrepresentation and concealment claims is for Plaintiff.  If you answered YES to both questions 1 and 2, your verdict on the misrepresentation and concealment claims is for Plaintiff. Please proceed to Section III.

### III. Warranty Claims

1. Do you find, by a preponderance of the evidence, that Defendants supplied a product that was not reasonably safe because it did not conform to the manufacturer's express warranty?

        **YES** _____        **NO** _____

       **If you answered NO to question 1, your verdict on the warranty claims is for Defendants. If ALL of your verdicts on Section IA, IB, II are for Defendants, your verdict on ALL of Plaintiff's claims is for Defendants. Please skip to the last page (page (9)), sign and date the verdict form. If you answered YES to question 1, please proceed to question 2.**

2. Was the unsafe condition of the product a proximate cause of injury or damage to the Plaintiff?

        **YES** _____        **NO** _____

       **If you answered NO to both questions 1 and 2, your verdict on the warranty claims is for Defendants. If you answered YES to questions 1 and 2, your verdict on one of the warranty claims is for Plaintiff. If ALL of your verdicts on Section IA, IB, II, and III is for Defendants, your verdict on ALL of Plaintiff's claims is for Defendants. Please skip to the last page (page (9)), sign and date the verdict form. If your verdict on Section IA, IB, II, or III is for Plaintiff, please proceed to Section IV.**

**IV. Superseding Cause**

1. Do you find, by a preponderance of the evidence:

    (i)      That an act or omission of the United States military was sufficient of itself to cause Plaintiff's alleged injuries; and

    (ii)    That the act or omission of the United States was not foreseeable to Defendants?

        **YES** _____        **NO** _____

       **If you answered YES to question 1, your verdict on ALL of Plaintiff's claims is for Defendants. Please skip to the last page (page 7), sign and date the verdict form. If you answered NO to question 1, please proceed to Section V.**

8

**V. Damages**

      **If you entered a verdict for Plaintiff in any of the above sections, please answer the following questions.  If you entered a verdict for Defendants on all of Plaintiff's claims, please skip the following questions, and sign and date the verdict form below.**

1.     If you find that any of the individuals or organizations listed below was negligent, and thereby caused or contributed to Plaintiff's alleged injuries and damages, then it is necessary for you to determine the percentage of fault for each.  If you find no fault, then you should place a "0" by that name.  **Your allocation of fault must add up to 100%.**

     Defendants                 _____%

     United States military      _____%

     Plaintiff                   _____%

2.     What damages, if any, do you find for Plaintiff for:

     Future medical expenses:               $_____

     Loss of future earning capacity:     $_____

     Non-economic damages, to include pain and suffering, loss of enjoyment of life, disfigurement, and physical impairment:                           $_____

     **Please sign and date the verdict form below.**

_____   _____

DATE                  FOREPERSON

**<u>CERTIFICATE OF SERVICE</u>**

I, Kimberly Branscome, hereby certify that on April 16, 2021, I caused a copy

of the foregoing to be filed through the Court's CM/ECF system, which will serve

all counsel of record.

DATED: April 16, 2021 *<u>/s/ Kimberly Branscome</u>*

Kimberly Branscome