UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS ) <br> EARPLUG PRODUCTS LIABILITY ) <br> LITIGATION ) <br> ) <br> This Document Relates to: ) <br> ) <br> *Lloyd Baker* ) <br> Case No. 7:20-cv-00039 ) | Case No. 3:19-md-2885-MCR-GRJ <br><br> Judge M. Casey Rodgers <br> Magistrate Judge Gary R. Jones |

### DEFENDANTS' RESPONSE TO PLAINTIFF BAKER'S APRIL 15, 2021 OBJECTIONS TO THE COURT'S APRIL 2, 2021 AND APRIL 8, 2021 ORDERS

Plaintiff Lloyd Baker's objection to Judge Jones' April 2, 2021 and April 8, 2021 Orders (ECF 84 and 86, respectively) should be overruled. Judge Jones' ruling on Plaintiff's motions to exclude these depositions correctly determined that "Plaintiff Baker's interests were represented at the deposition and there is 'a substantial identity of issues' between his case and the *Adkins* and *Taylor* bellwether cases." ECF 84 at 10 (quoting *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982)). Plaintiff's objection to those orders fails because Plaintiff has failed to meet his burden of demonstrating that the orders are clearly erroneous. This Court should overrule Plaintiff's objections and admit the deposition testimony of Van Densen and LTC Cave.

1

I.  **STANDARD OF REVIEW**

When a magistrate judge decides a "pretrial motion not dispositive of a party's claim or defense," the district judge in the case may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard "is a very difficult one to meet." *S.E.C. v. Nat. Diamonds Inv. Co.*, 493 F. Supp. 3d 1260, 1263 (S.D. Fla. 2020) (citation and quotation marks omitted). To reverse a decision as clearly erroneous, the Court "must be left with a definite and firm conviction that a mistake has been committed." *United States v. Matchett*, 802 F.3d 1185, 1191 (11th Cir. 2015) (citation and quotation marks omitted). "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must … strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Nat. Diamonds Inv. Co.*, 493 F. Supp. 3d at 1263 (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

Additionally, for both witnesses at issue here, Plaintiff initially raised several objections to their testimony in their underlying discovery motions. *See generally* ECF 79; ECF 81. However, Plaintiff's subsequent objections to Judge Jones' orders are much more limited. He argues that the orders are wrong because of a lack of representation and notice at the depositions, and, for the first time, argues that admitting these depositions would "fatally undermine the efficiencies of this MDL."

2

ECF 89 at 12. But "[a] party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). In reviewing the current motion, the Court should focus only on those issues properly preserved and raised.

## II.  ARGUMENT

### A.  Judge Jones' Ruling Regarding Witness Mark Van Densen Was Not Clearly Erroneous

Judge Jones' decision on the admissibility of the deposition testimony of Mr. Van Densen was based on consideration of two factors: 1) whether the Plaintiff received reasonable notice of Van Densen's deposition, and 2) whether the Plaintiff was represented at that deposition. *See* ECF 84 at 6-10. Judge Jones determined that although Plaintiff was not provided reasonable notice of the deposition, *id*. at 6, he was represented at the deposition by counsel for Plaintiffs who were present for unrelated cases. *Id.* at 8.

As Judge Jones noted, under Rule 32(a)(1)(A) it is permissible to use a witness deposition against a party if "the party was present or represented at the taking of the deposition or had reasonable notice of it." ECF 84 at 5 (quoting Fed. R. Civ. P. 32(a)(1)(A)). As Judge Jones explained, it has long been recognized that "the presence of an adversary with the same motive to cross-examine the deponent and identity of issues in the case in which the deposition was taken with the one in which it is sought to be used provide a well-recognized exception to the rule." ECF 84 at 8 (quoting *Ikerd v. Lapworth*, 435 F.2d 197, 205 (7th Cir. 1970)). Under this

exception, a party is deemed to be "represented" at a deposition where a different party with the substantially similar interests as the non-present party does attend the deposition. *Rule v. Int'l Assn of Bridge, Structural & Ornamental Ironworkers, Loc. Union No. 396*, 568 F.2d 558, 569 (8th Cir. 1977). Under such circumstances, "the purpose of Rule 32(a)—to ensure that the deposition is taken under adversarial circumstances—is substantially satisfied." *Geller v. Von Hagens*, 2012 WL 13109663, at *3 (M.D. Fla. 2012). The crucial factor is that in these circumstances, there is "no basis upon which it can be assumed that the cross-examination of the deponents would have been any different had [the absent party's] counsel had the opportunity to participate therein." *Ikerd*, 435 F.2d at 206.

In *Ikerd*, multiple plaintiffs brought actions against the car dealership that had allegedly sold defective cars. *Id.* at 199-200. During the course of the litigation, several witnesses were deposed by the parties, including an eyewitness to a car accident and an employee of the car dealership. *Id.* at 204-05. One of the plaintiffs objected to the inclusion of these depositions, on the grounds "that they were taken prior to the date his action was filed, March 7, 1969, and, consequently, he received no notice thereof and was denied the opportunity to have his counsel present." *Id.* at 205. On appeal, the Seventh Circuit rejected the plaintiff's argument, finding that the presence of the co-plaintiff's counsel coupled with "substantial identity of factual and legal issues involved in the two cases," meant that the absent party was

4

sufficiently represented to allow the admission of the deposition testimony. *Id.* at 205-06.[1]

Plaintiff attempts to distinguish this rule, by excessively narrowing the "same motive" and "identity of issues" requirement. Under the Plaintiff's description of this factor, any factual differences would destroy similarity of motives and identity of issues. But the requirement is not so stringent. Courts have recognized that "substantial overlap in the subject matter for which the deposition testimony may be relevant" is sufficient to meet the representation requirement. *S.W. v. City of New York*, 2010 WL 4791712, at *2 (E.D.N.Y. 2010), *aff'd*, 2012 WL 1100906 (E.D.N.Y. 2012). There is no requirement that the cases have identical fact patterns, or even claims; rather it is sufficient that "if the interest of the objecting party in the prior suit was calculated to induce as thorough a cross-examination as the interest of the present opponent." *Rule*, 568 F.2d at 569.

Here, there can be no doubt as to the substantial overlap in the subject matter. Baker, Adkins, and Taylor share a Master Long Form Complaint, in which they make similar allegations against Defendants. *See* Short Form Compl. at 1, *Baker* ECF No. 1; Short Form Compl. at 1, *Adkins* ECF No. 1; Short Form Compl. at 1,

---

[1] Contrary to Plaintiff's assertion, the Seventh Circuit in *Ikerd* was not "creat[ing] an exception to Rule 32's representation requirement," ECF 89 at 7, but was rather applying a recognized rule. The Seventh Circuit described the doctrine as "a well-recognized exception to the rule." *Ikerd*, 435 F.2d at 205.

*Taylor* ECF No. 9 (incorporating by reference the Master Long Form Complaint). All three Plaintiffs allege hearing loss and Tinnitus. *See* Short Form Compl. at 3, *Baker* ECF No. 1; Short Form Compl. at 3, *Adkins* ECF No. 1; Short Form Compl. at 3, *Taylor* ECF No. 9. And the three Plaintiffs have partially common representation. *See* ECF 83 at 7. Thus, they have the same motive and identity of issues for purposes of cross-examining witnesses.

Plaintiff Baker acknowledges that counsel for Adkins and Taylor questioned Van Densen about his work at Fort Lewis. Baker asserts, however, that this was insufficient to represent his interests because "there is no evidence Baker was ever treated by Van Densen: Indeed, there is no evidence that Baker and Van Densen ever interacted in any manner at any time." ECF 89 at 10. As Judge Jones noted, the very fact that Baker never interacted with Van Densen—and therefore considers his testimony "not significantly important"—means there is little reason that Baker would have questioned Van Densen differently than he was actually questioned by the present counsel. ECF 84 at 9. Given the similarities between the cases, this is simply not enough divergence in identity or issue to preclude a finding of representation; "Plaintiff Baker's interests were represented at the deposition and there is a 'substantial identity of issues.'" *Id.* at 10 (quoting *Hub*, 682 F.2d at 778). Certainly, the decision to admit this deposition cannot be reasonably described as "clearly erroneous."

6

**B.     Judge Jones' Ruling Regarding Witness Kara Cave Was Not Clear Error**

Similarly to the objections raised regarding Van Densen's deposition, Baker objects to Judge Jones' order regarding the deposition of LTC Cave. Baker claims that he was not a party to the *Estes* case, that he was insufficiently noticed of the deposition, and that counsel for *Estes* did not adequately represent him and that therefore Judge Jones' order admitting this deposition is in error. *See* ECF 89 at 2-3, 9-10. Judge Jones denied Baker's motion, finding both that he was adequately represented by counsel for Estes, ECF 86 at 7, and that under all the circumstances, Baker received reasonable notice of the deposition. *Id.* at 7-8. As with Baker's argument regarding the Van Densen deposition, Baker's motion fails to demonstrate clear error to Judge Jones' decision to admit the Cave deposition.

Specifically, Plaintiff focuses once again on superficial factual differences, between *Estes* and his own case, while ignoring the similarities. According to Plaintiff, those differences are that Baker was stationed at Fort Benning at a different time than the Estes, that Estes and Baker served different roles in the military, and that Estes was deployed to Iraq, while Baker never was. ECF 89 at 8-9. According to Plaintiff, the present counsel had no motivation to question Cave on these three issues. However, as Judge Jones' order of April 8 explained, counsel for Estes "had the same motivation to develop a cross-examination of LTC Cave about the timing and scope of her service as Hearing Conservation Program Manager at Fort Benning,

7

her presentation at the Armor Basic Officer Leadership Course, and her instruction to servicemembers that they wear both earplugs and CVC helmets inside tracked vehicles." ECF 86 at 7. Plaintiff has simply not provided grounds to refute this explanation, let alone to label it "clearly erroneous."

Plaintiff's objection regarding the notice of Cave's deposition likewise fails. Defendants served a *Touhy* request for Cave's deposition on September 11, 2020, which the Army approved on February 4, 2021. *See* ECF 85 at 3. Defendants served notice of Cave's deposition on February 23, 2021, with a deposition date of March 11, 2021. *Id.* On March 10, Defendants included Cave on their witness list, alerting Plaintiff that they intended to use her deposition testimony. ECF 86 at 7. As Judge Jones noted, a one day deposition notice can be reasonable. *Id.* at 8 (quoting *Natural Organics v. Proteins Plus, Inc.*, 724 F. Supp. 50, 52 n.3 (E.D.N.Y. 1989)). And, as Judge Jones noted, Baker had already identified Cave as a potential witness for its own case. *See* ECF 85-6 at 3. Further, Baker's counsel was actually present at the deposition, and had the opportunity to elicit testimony relevant to Baker from the witness. ECF 86 at 7.

Plaintiff argues that he is prejudiced by having had only one day of notice for the deposition. ECF 89 at 4-5. However, given the totality of the circumstances—that Plaintiff's counsel was noticed of the deposition on February 23, and that Plaintiff's counsel actually attended the deposition, the one day notice that

Defendants intended to rely on the deposition was reasonable. Judge Jones' decision of April 8 was not wrong, and was far from clear error.

### C. Plaintiff's Argument That Admitting These Depositions Would Undermine The MDL Process Is Without Merit

Plaintiff's final argument, raised for the first time in his objections to Judge Jones' ruling, is that admitting these depositions would "fatally undermine the efficiency of the MDL process." ECF 89 at 12. The crux of this argument is that admitting the depositions would burden all plaintiffs by requiring them to prepare for and attend every deposition, and would require them to cross examine witnesses to "show the deponent's lack of personal knowledge if Defendants later elect to use the testimony." *Id.* at 12-13.

First, "the plaintiff is generally required to bear any reasonable burdens of inconvenience that the action presents." *DeepGulf, Inc. v. Moszkowski*, 330 F.R.D. 600, 607-08 (N.D. Fla. 2019). Plaintiff cannot reasonably complain about the inconvenience of preparing for and attending the depositions of third-party witnesses, and does not cite any precedent for this proposition. Second, Plaintiff's contention that asking a deponent to confirm that they have no personal knowledge of the plaintiff would be unduly prejudicial because it would "burn limited deposition time," ECF 89 at 13, is simply insufficient to support excluding evidence that is otherwise admissible under the Rules of Evidence. Plaintiff cites no precedent supporting the proposition, and the Court should focus, as Judge Jones did, on the

9

fact that "there is a 'substantial identity of issues' between [Baker's] case and the *Estes* bellwether," ECF 86 at 8-9 (quoting *Hub*, 682 F.2d at 778), and that given the circumstances, "Plaintiff Baker had reasonable notice of LTC Cave's deposition testimony." ECF 86 at 7.

Finally, the Plaintiff is raising an argument here that Judge Jones did not have a chance to pass upon. Plaintiff's initial objections to the admission of these depositions did not mention, even in passing, the dangers to the MDL process in the event of the admission of these depositions. *See* ECF 79; ECF 81. However, "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Allowing Plaintiff to present new arguments here "would turn the magistrate judge referral process on its head" because it allows the Plaintiff "to identify weaknesses in its case, so that it may shore them up later by presenting additional evidence to the District Judge." *All-S. Subcontractors, Inc. v. Amerigas Propane, Inc.*, 2015 WL 4603567, at *2 (N.D. Fla. 2015). "[T]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Williams*, 557 F.3d at 1292 (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)). Because

the Plaintiff did not raise these arguments in his initial motion, the Court should reject them here.

## III. CONCLUSION

For the foregoing reasons, the Court should overrule Plaintiff's objections to Judge Jones' orders of April 2, 2021 (ECF 84) and April 8, 2021 (ECF 86).

DATED: April 29, 2021                    Respectfully submitted,

/s/ Kimberly Branscome
Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mark.nomellini@kirkland.com

*Counsel for Defendants 3M Company, 3M Occupational Safety LLC, Aearo Technologies LLC, Aearo Holding LLC, Aearo Intermediate LLC, and Aearo LLC*

## CERTIFICATE OF SERVICE

I, Kimberly Branscome, hereby certify that on April 29, 2021, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

DATED: April 29, 2021                     */s/ Kimberly Branscome*
                                          Kimberly Branscome