UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*Baker v. 3M Co.*<br>Case No. 7:20-cv-39 | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## PLAINTIFF'S BRIEF ON INADMISSIBILITY OF CHERYL PARKER'S DEPOSITION TESTIMONY AND C&P REPORT

Cheryl Parker is a clinical audiologist at the Department of Veterans Affairs who conducted a compensation and pension examination of Lloyd Baker on October 16, 2009. Pursuant to the Federal Rules of Evidence and this Court's prior orders, Ms. Parker's deposition testimony should be excluded in its entirety, and use of the Compensation and Pension Exam Report ("the C&P Report"), Ex. 1 (D-BAKER-26) should be limited to proper impeachment.[1]

**I.      Cheryl Parker's Deposition Testimony Should Be Excluded.**

Whether testimony from a VA clinician who conducted a C&P evaluation of a Plaintiff is admissible does not arise on a blank slate. The Court previously concluded that because "[t]he purpose of C&P exams is to determine disability status

---

[1] On Monday, May 17, Defendants informed Plaintiff that they intended to file a brief in support of the admissibility of both the C&P record and Parker's testimony—despite the Court's related orders in *EHK* and *McCombs*, *see infra*.

1

and benefit eligibility, not to render substantive medical care or treatment . . . any VA determination [would] be highly prejudicial and confusing to the jury." ECF No. 1729 at 4-5. Applying that order in *McCombs*, in the context of deposition testimony relating to a VA disability determination, the Court excluded the entirety of the VA evaluator's testimony "because it is inextricably intertwined with the [VA's] disability determination and service-related conclusions." *McCombs*, ECF No. 99 at 1. At that time, the Court made clear that "such evidence is inadmissible as prejudicial and confusing under Fed. R. Evid. 403." *Id.*

For the same reasons that Dr. Donaldson's testimony was excluded in its entirety in *McCombs*, Ms. Parker's deposition testimony should be excluded wholesale in *Baker*. Ms. Parker's only interaction with Mr. Baker was an evaluation conducted exclusively for disability benefits purposes, and Defendants designated testimony is not just intertwined with the VA's disability determination and service-related conclusions, but relates exclusively to that prejudicial and confusing context.

**II.    Use of the C&P Report Should Be Limited to Proper Impeachment.**

The C&P Report contains the following statements:

```
IS THERE CLAIM FOR TINNITUS? Yes
IS THERE CURRENT COMPLAINT OF TINNITUS?  Yes
     LOCATION OF TINNITUS: Bilateral
     DATE AND CIRCUMSTANCES OF TINNITUS ONSET: "When
     got back from Iraq last year."
IS TINNITUS CONSTANT? Yes
```

Ex. 1 at 2.  During the meet and confer process, Defendants represented that they intend to argue that the onset statement should not be solely admissible for impeachment, but rather that they seek full admission of a redacted version of the C&P record.  However, under this Court's prior rulings, the C&P Report itself is inadmissible under Rule 403.  *See McCombs*, ECF No. 113 at 2.  No redactions can cure the prejudice and confusion that will result from the admission of pieces of an exam conducted for the sole purpose of determining disability status and benefit eligibility, not for substantive medical care or treatment.  *See* ECF No. 1729 at 4-5.

Assuming *arguendo* that Baker denies the statement at trial, the use of D-BAKER-26 should be limited, useable only for impeachment consistent with the Court's prior orders.[2]  ECF No. 1729 at 4.  If, however, Mr. Baker offers testimony consistent with the statement, the C&P Record will have no valid impeachment purpose, and the should not be useable.[3]  *See id.*

---

[2] Should D-BAKER-26 be proper impeachment, Plaintiff proposes as Exhibit 2 to this motion additional redactions necessary to minimize the prejudice and confusion.  *See* Ex. 2 (D-BAKER-26).

[3] Also on May 17, two months after the deadline for the parties' to exchange objections to each other's exhibits, Defendants indicated that they planned to include in the same trial brief an unrelated argument that the Air Force memorandum and emails (P-GEN-02586, P-GEN-2602, and P-GEN-2660) should be excluded in *Baker* due to the absence of a punitive-damages claim.  The admissibility of those documents has never been premised on the existence of a punitive-damages claim.  As the Court has stated: "So long as Defendants intend to suggest to the jury that the military was aware of issues or problems associated with the CAEv2, evidence of what the military knew or believed about the earplug is highly probative." *McCombs*, 20-cv-94, ECF No. 120.  For the same reasons the documents were

## CONCLUSION

For the foregoing reasons, the deposition testimony of Cheryl Parker should be excluded in its entirety, and D-BAKER-26 should be useable only as previously set forth in ECF No. 1729.

Date:  May 19, 2021                                    Respectfully submitted:

*/s/ Sean P. Tracey*
Sean P. Tracey
(Admitted Pro Hac Vice)
Texas Bar No. 20176500
Shawn P. Fox
(Admitted Pro Hac Vice)
Texas Bar No. 24040926
TRACEY FOX KING & WALTERS
440 Louisiana St., Suite 1901
Houston, TX 77002
Tel.: (713) 495-2333
stracey@traceylawfirm.com
sfox@traceylawfirm.com

*Counsel for Plaintiff Lloyd Baker*

---

admitted in *EHK* and *McCombs*, Defendants' objections to the admissibility of those documents should be overruled.

4

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B), (C)**

Pursuant to Local Rule 7.1(B), counsel for Plaintiffs certify that they conferred with Defendants' counsel on May 17, 2021 regarding the foregoing motion but were unable to resolve the issues herein. Pursuant to Pretrial Order No. 63, ECF No. 1612, the parties made a good faith effort to resolve the underlying dispute with Judge Herndon but were unsuccessful.

*/s/ Sean Patrick Tracey*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 19, 2021, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.

      */s/ Sean Patrick Tracey*