UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| LLOYD BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>3M COMPANY, 3M OCCUPATIONAL SAFETY LLC, AEARO HOLDING LLC, AEARO INTERMEDIATE LLC, AEARO LLC, and AEARO TECHNOLOGIES LLC,<br><br>    Defendants. | Case No. 7:20cv39-MCR-GRJ |

## VERDICT FORM

We, the jury, in the above entitled and numbered case, unanimously find as follows on Plaintiff Lloyd Baker's claims and 3M's affirmative defenses, based on the Court's instructions on the law and evidence:

I.   Plaintiff's Claims:

(1)   Strict Liability—Design Defect

      ___Proven   ✓ Not Proven

(2)   Strict Liability—Failure to Warn and/or Instruct

      ✓ Proven   ___Not Proven

(3)   Negligent Failure to Warn and/or Instruct After Manufacture

      ___Proven   X Not Proven

(4)   Fraudulent Misrepresentation

      ___Proven   ✓ Not Proven

(5)   Fraudulent Concealment

      ___Proven   ✓ Not Proven

*If you have found any claim proven [claims (1), (2) and (3) by a preponderance of the evidence and claims (4) and (5) by clear, cogent, and convincing evidence], continue to the next page.*

*If you have not found any claim above proven, your work is complete, and you should have the Foreperson sign and date the Verdict Form.*

II.  3M's Affirmative Defenses:

(1)  Superseding Cause based on conduct of the United States Army
*(consider as to all claims)*

___Proven  ✓ Not Proven

*If you have found affirmative defense (1) proven by a preponderance of the evidence, your work is complete and your verdict will be in favor of 3M on all claims. You should have the Foreperson sign and date the Verdict Form.*

*If you found affirmative defense (1) not proven, and if you found Plaintiff has proven only claim (4) or claim (5), proceed to decide the total amount of damages due in Section III, then your work is complete and you should have the Foreperson sign and date the Verdict Form.*

*If you found affirmative defense (1) not proven, and if you found Plaintiff's claims (1), (2) or (3) proven [regardless of your verdict on claims (4) and (5)], you must first address the apportionment defense.*

(2)  Apportionment of fault as to:

   (a)  Mr. Baker

   ✓ Proven  ___Not Proven

   (b)  United States Army

   ___Proven  ✓ Not Proven

*If you have found affirmative defenses (2)(a) or (2)(b) proven by a preponderance of the evidence, you should decide the percentage of fault that should be apportioned to each party found to be at fault, as instructed in Section IV. In allocating fault, you should not make any reduction in the amount of damages you award because of the fault, if any, of Mr. Baker and/or the United States Army. The Court in entering judgment will take into account your allocation of fault among all persons or entities who you find contributed to Mr. Baker's damages.*

III. <u>Compensatory Damages</u>:

If you have found in favor of Mr. Baker on any of his claims, state the total damages, if any, you find for:

Past and future noneconomic damages (pain and suffering and disability)

$ 1,700,000

IV. <u>Apportionment of Fault</u>:

If you have found affirmative defenses (2)(a) or (2)(b) proven, meaning that any of the persons or entities listed below was at fault and thereby caused or contributed to Mr. Baker's injuries, then it is necessary for you to determine the percentage of fault for each. If you find no fault, then you should place a "0" by that name. Your allocation of fault must equal 100%.

| | |
|---|---|
| Defendants | 62 % |
| United States Army | 0 % |
| Mr. Baker | 38 % |

*Once you have answered this question, your deliberations are complete, and the Foreperson should sign and date this Verdict Form.*

SO SAY WE ALL, this 18th day of June, 2021

[signature redacted]

Foreperson's Signature