[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-12393

Non-Argument Calendar

_____

LLOYD EUGENE BAKER,

                                              Plaintiff-Appellee,

versus

3M COMPANY, et al.,

                                              Defendants,

KIMBERLY O. BRANSCOME,
JAY L. BHIMANI,

                                              Interested Parties-Appellants.

Case 7:20-cv-00039-MCR-GRJ   Document 226   Filed 05/31/23   Page 2 of 11
USCA11 Case: 21-12393   Document: 29-1   Date Filed: 05/31/2023   Page: 2 of 9

2                          Opinion of the Court                      21-12393

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 7:20-cv-00039-MCR-GRJ

_____

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

LAGOA, Circuit Judge:

This is an appeal from the district court's order imposing monetary sanctions against attorneys Kimberly O. Branscome and Jay L. Bhimani. At the conclusion of a bellwether trial, the district court found that Branscome's closing argument violated its order and imposed sanctions under its inherent authority. On appeal, the attorneys argue that the district court deprived them of their right to due process and that the district court failed to assess whether the attorneys acted with subjective bad faith. After careful review, we vacate and remand the order imposing sanctions.

## I.    RELEVANT BACKGROUND

This appeal arises from one of the bellwether trials—*Baker v. 3M Co.*, No. 7:20-cv-00039-MCR-GRJ (N.D. Fla.)—in a multidistrict litigation concerning combat arms earplugs. Appellants Branscome and Bhimani are two of the attorneys for the defendants, 3M Company and Aearo Technologies LLC, in that litigation.

One of the "hotly contested" pieces of evidence at trial was testing conducted by Michael & Associates, Inc.; specifically, the

Case 7:20-cv-00039-MCR-GRJ   Document 226   Filed 05/31/23   Page 3 of 11
USCA11 Case: 21-12393   Document: 29-1   Date Filed: 05/31/2023   Page: 3 of 9

21-12393               Opinion of the Court                    3

conclusion based on the testing that the at-issue earplugs had a noise reduction rating ("NRR") of 23. Prior to trial, the district court held that this evidence was inadmissible hearsay. But the district court allowed the parties "to examine or cross-examine expert witnesses regarding the bases for their opinions using" this evidence.

The bellwether jury trial was held between June 7 and June 18, 2021. On June 18, 2021, the district court held proceedings related to the parties' closing arguments. During the proceedings before the parties made their closing arguments, the plaintiff raised an issue with one of defendants' demonstrative slides. The demonstrative at-issue focused on the testimony of Richard McKinley, one of the plaintiff's expert witnesses. Under the heading of "Cross," the demonstrative stated "The NRR is 23"—a reference to the testing conducted by Michael & Associates. The district court held that, "[i]f Ms. Branscome makes that clear in her closing that this is not being offered for the truth that the NRR was 23, then I'm fine with it. If not, it's not coming in." Because Branscome was not in the room at the time, the district court gave its directive to Bhimani.

During the defendants' closing argument, Branscome displayed the demonstrative and asserted that the relevant expert admitted that there was an independent study, that the study was inconsistent with the expert's opinion, and that "an independent laboratory got a 23." Before Branscome moved to the next slide, the district court asked Branscome to approach the bench. The district

Case 7:20-cv-00039-MCR-GRJ   Document 226   Filed 05/31/23   Page 4 of 11
USCA11 Case: 21-12393   Document: 29-1   Date Filed: 05/31/2023   Page: 4 of 9

4                    Opinion of the Court                    21-12393

court asked Branscome whether Bhimani discussed the district court's ruling regarding the at-issue demonstrative. Branscome responded in the affirmative. The district court stated that Branscome "didn't connect" the NRR of 23 to the expert and that Branscome must "clear this up to my satisfaction or I'm going to clear it up" because the jury "need[s] to know they cannot consider the 23 for the truth of the results of that test."

> Thereafter, Branscome stated the following to the jury:
>
>> You heard from Judge Rodgers that the testing from Michael & Associates falls into a unique evidence category; it's called hearsay. And what that means is you can consider it not for the truth of the testing but for the credibility that it has to the plaintiff's case on whether their experts relied on it, whether they told you about it. . . .
>>
>> And so, how does that fit in the framework if you're evaluating Mr. McKinley?
>>
>> It comes into play if you ask yourself, if he reached the opinion that the Combat Arms Earplug Version 2 was defective but he didn't tell you about evidence that's contrary to that opinion, does that call into question the basis for his conclusion.

The district court then interceded, stating: "Ms. Branscome is absolutely correct in the way she's described that to you, but I want to make sure you understand. You may not consider the NRR of 23 on the Michael study for the truth."

Case 7:20-cv-00039-MCR-GRJ   Document 226   Filed 05/31/23   Page 5 of 11
USCA11 Case: 21-12393   Document: 29-1   Date Filed: 05/31/2023   Page: 5 of 9

21-12393                Opinion of the Court                5

At the conclusion of the parties' closing arguments, and after the jury retired to deliberate, the district court stated that Branscome failed to inform the jury that "the NRR of 23 was not offered for the truth." The district court found that the "clarification that was made between" itself and Branscome "was sufficient to ameliorate the misleading impression." But the district court stated that the clarification did not ameliorate "the willful violation of [the court's] order." The district court concluded that "right now my intent is to enter monetary sanctions against one or both of you for this violation of my court order" and that "if I decided that I want to hear from you, I'll give you that opportunity."

Approximately seven hours later, and without notice, the district court stated that it "wanted to take the time, between [7:41 p.m. and 8:00 p.m.], to hear from Ms. Branscome and Mr. Bhimani, [to] give you an opportunity to address the [c]ourt on why sanctions shouldn't be imposed for what happened this morning." The attorneys stated that they did not intend to violate the district court's order and that they thought that their closing argument, and clarification that the source of the statement was inadmissible hearsay, complied with the district court's order. The district court concluded that it would "summarily sanction[]" Branscome and Bhimani because the "proceedings and the integrity of the [c]ourt were degraded . . . by the willful violation of [its] orders." With respect to willfulness, the district court held that the attorneys' conduct was willful because the district court's directives were clear, "there [was] no reasonable lawyer who could have construed them

Case 7:20-cv-00039-MCR-GRJ   Document 226   Filed 05/31/23   Page 6 of 11
USCA11 Case: 21-12393   Document: 29-1   Date Filed: 05/31/2023   Page: 6 of 9

6                        Opinion of the Court                    21-12393

in any way other than as a specific directive," and the attorneys "did everything . . . to avoid doing the [district court's] . . . very clear directive."

On June 22, 2021, the district court issued a written order imposing sanctions against Branscome and Bhimani. The written order clarified that the district court sanctioned the attorneys under its "inherent authority and responsibility to summarily punish misconduct that it observes." The district court held that the attorneys' "conduct cannot be reasonably construed as anything other than willful" based on "the knowledge and experience of both attorneys, their course of conduct during the trial, and the specificity and unequivocally of the [c]ourt's rulings." The district court further found that "summary disposition" was appropriate because unless the court "took a significant, essentially immediate step . . . this extraordinarily complicated trial, and the broader multidistrict litigation, risked becoming unmanageable."

This appeal followed.

## II.   STANDARD OF REVIEW

"We review sanctions orders for an abuse of discretion." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1222–23 (11th Cir. 2017). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or bases the decision upon findings of fact that are clearly erroneous." *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1310 (11th Cir. 2021) (quoting *Peer* v.

Case 7:20-cv-00039-MCR-GRJ   Document 226   Filed 05/31/23   Page 7 of 11
USCA11 Case: 21-12393   Document: 29-1   Date Filed: 05/31/2023   Page: 7 of 9

21-12393                Opinion of the Court                          7

*Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010)). "We review *de novo* the argument that the sanctions imposed by the district court violated due process." *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006)

### III.   ANALYSIS

While a district court has the inherent power to sanction attorneys, the court must "exercise caution in invoking its inherent power, and it must comply with the mandates of due process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). When an attorney is sanctioned by the court,

> complying with the mandates of due process means that the attorney must, first, be afforded "fair notice that [her] conduct may warrant sanctions and the reasons why," and, second, "be given an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify [her] actions."

*Kornhauser v. Comm'r of Soc. Sec.*, 685 F.3d 1254, 1257 (11th Cir. 2012) (alterations in original) (quoting *In re Mroz*, 65 F.3d 1567, 1575–76 (11th Cir. 1995)). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Donaldson v. Clark*, 819 F.2d 1551, 1559 (11th Cir. 1987) (en banc) (quoting *Mullane v. Cent. Hanover Tr. Co.,* 339 U.S. 306, 314 (1950)).

Case 7:20-cv-00039-MCR-GRJ   Document 226   Filed 05/31/23   Page 8 of 11
USCA11 Case: 21-12393   Document: 29-1   Date Filed: 05/31/2023   Page: 8 of 9

8                    Opinion of the Court                    21-12393

Here, the district court did not provide any notice to Branscome or Bhimani before stating that it intended to "enter monetary sanctions" against the attorneys. Approximately seven hours later, without notice that a hearing would take place that same day, the district court asked the attorneys to address "why sanctions shouldn't be imposed." Because "[a]n attorney charged with misconduct is entitled to notice of the charge[—]that is, the attorney is entitled to know the precise rule, standard, or law that he or she is alleged to have violated and how he or she allegedly violated it"— we must vacate the district court's order imposing sanctions.[1] *United States v. Shaygan*, 652 F.3d 1297, 1318–19 (11th Cir. 2011) (vacating sanctions award where "[t]he district court did not provide [the attorneys] with notice that it was considering a public reprimand").

Moreover, "the inherent-powers standard is a subjective bad-faith standard." *Purchasing Power*, 851 F.3d at 1223. The subjective bad faith standard "can be met" if there is "direct evidence of subjective bad faith," or if the "attorney's conduct [that] is so

---

[1] The district court found that "summary disposition" was appropriate because the court needed to take this "essentially immediate step to deter counsel" so that the trial and multidistrict litigation would not become "unmanageable." We do not need to address whether a court may, under exigent circumstances, "summarily sanction[]" attorneys. Here, the district court imposed sanctions after the trial had already concluded and after any "misleading impression" was "ameliorate[d]." Therefore, there was no exigency to plausibly justify "summarily sanction[ing]" the attorneys.

Case 7:20-cv-00039-MCR-GRJ   Document 226   Filed 05/31/23   Page 9 of 11
USCA11 Case: 21-12393    Document: 29-1    Date Filed: 05/31/2023    Page: 9 of 9

21-12393               Opinion of the Court                9

egregious that it could only be committed in bad faith." *Id.* at 1224–25.

Therefore, because the district court imposed sanctions under its inherent power to do so, the district court was required to find that the attorneys subjectively engaged in bad faith. *See id.* at 1224. While the district court found that the attorneys' conduct "cannot be reasonably construed as anything other than willful", it did not assess the subjective bad faith standard. On remand, after providing the attorneys with notice and an opportunity to be heard, the district court must determine whether the attorneys' conduct met this Court's subjective bad faith standard.[2]

Accordingly, we vacate the court's order imposing sanctions and remand.

**VACATED AND REMANDED.**

---

[2] Appellants also assert that they did not violate the relevant order and that the order was too vague to support sanctions for its violation. In essence, they contend that the district court erred in finding that they violated the order as initially stated by the district court. This argument is better addressed in the first instance by the district court on remand.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 31, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-12393-GG
Case Style: Lloyd Baker v. Kimberly Branscome, et al
District Court Docket No: 7:20-cv-00039-MCR-GRJ
Secondary Case Number: 3:19-md-02885-MCR-GRJ

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion